CANADAY, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, December 1, 1908.

1. CARRIERS OF PASSENGERS: Contract: Action Ex Contractu and Ex Delicto. The relation of a passenger and carrier is dependent upon a contract and the failure to carry safely is a breach of the contract, but the carrier's obligation arises as much out of the public duty safely to carry as it does out of the contract and an action by a passenger against a common carrier for personal injuries may be maintained either *ex contractu* on breach of the contract of the carrier or *ex delicto* for breach of the public duty imposed by law.

Canaday v. United Railways Co.

2. ——— : ——— : ——— : **Pleading.** And in an action for personal injuries, by a passenger against a carrier, while the petition set out the contract of carriage, this is merely a matter of inducement, and where it proceeded to state the negligence of the defendant whereby the injury was caused, the action was one *ex delicto*.

3. **PRACTICE: Evidence: Incompetent Evidence Cured by Instruction.** In an action for personal injuries where the petition mentioned a broken arm as the only permanent injury, evidence tending to prove other permanent injury was error, but such error was cured by an instruction which directed the jury that the plaintiff did not seek to recover damages for any permanent injury other than the fractured arm and that they should not consider the case with respect to other permanent injury.

Appeal from St. Louis City Circuit Court.— *Hon. Matt. G. Reynolds,* Judge.

Affirmed.

*Boyle & Priest, Morton Jourdan,* and *Edward T. Miller* for appellant.

(1) The demurrer to the plaintiff's evidence, the peremptory instruction offered at the close of all the evidence, and defendant's requested instruction 1, were all improperly refused. The cause of action stated in the petition was unproven and disproven. Plaintiff was permitted to recover on a cause of action not pleaded. The relation of carrier and passenger arises out of contract and to support a recovery the contract must be established. Schepers v. Railroad, 126 Mo. 665; Schaefer v. Railroad, 128 Mo. 64; Duff v. Railroad, 91 Pa. St. 458; 2 Shear & Redf. on Negligence (4 Ed.), p. 488; Patterson's Railway Accident Law, secs. 210, 214. Plaintiff cannot plead one cause of action and recover upon another. Weil v. Posten, 77 Mo. 284; Chitty v. Railway, 148 Mo. 64; Real Estate Co. v. Hotel Co., 100 S. W. 577; Koons v. Car Co., 101 S. W. 49. Where plaintiff alleges an express contract the contract must be proven as set forth or plaintiff cannot recover. Wall-

rath v. Bohnenkamp, 97 Mo. App. 242; Bell v. Tobacco Co., 103 S. W. 1014; Ingwerson v. Railway, 103 S. W. 1143; Mann v. Birchard, 40 Vt. 326; 1 Wait's Actions and Defenses, p. 90, sec. 2; *Ibid*, p. 399, sec. 2; 3 Ency. of Plead. and Prac., p. 849. (2) That the relation of carrier and passenger arises out of contract need not be argued. Before there can be a recovery by a plaintiff, asserting the rights of a passenger, the contract, express or implied, must be established. If the contract be express it must be relied upon, and when pleaded it must be proven. No other can be recovered upon. "A party will not be permitted on the trial to state one cause of action and recover upon another." Real Estate Co. v. Hotel Co., 100 S. W. 579. "He must stand upon the case made by the pleadings." Weil v. Posten, 77 Mo. 287.

*A. R. & Howard Taylor* for respondent.

NORTONI, J.—This is an action for damages alleged to have accrued through personal injuries inflicted upon the plaintiff while alighting from one of defendant's street cars. Plaintiff recovered and the defendant appeals. The evidence on the part of plaintiff tended to prove that she was a passenger on one of defendant's street cars destined for Taylor and Page avenues in the city of St. Louis. Upon arriving at Taylor avenue, in compliance with a signal from the plaintiff, the car stopped to permit her to alight therefrom. While she was in the act of alighting, the car suddenly started forward with a jerk, precipitating her to the street, whereby her arm was broken and other painful injuries inflicted. At the conclusion of the evidence for the plaintiff and again at the conclusion of all the evidence, the defendant requested the court to direct a verdict for it on the pleadings and the evidence. These instructions the court refused over defendant's excep-

tions. The court submitted the issue of defendant's negligence to the jury in appropriate instructions, to all of which the defendant excepted. The defendant requested and the court refused to instruct the jury as follows:

"The court instructs the jury that the plaintiff seeks to recover in this action for an alleged failure on defendant's part to keep and perform an express contract entered into between plaintiff and the defendant, by which defendant agreed with plaintiff to safely carry her as a passenger on its car to her point of destination, and there allow her a reasonable time and opportunity to safely alight from said car while the same was stopped.

"You are, therefore, instructed that unless you find from the evidence that plaintiff made such express contract with defendant at the time she paid her fare on said car, the plaintiff is not entitled to recover herein, even though you may further find that plaintiff did pay a fare for riding upon said car to said destination and was injured while proceeding to alight therefrom."

It will be observed that by the instruction quoted the defendant sought to submit the issue of an express contract of carriage between plaintiff and defendant to the jury as one material to her right of recovery. The purport of the instruction is to direct the jury that the plaintiff could not recover even if she were injured as stated unless she had proved an express contract for her transportation. The argument advanced here is to the effect that the petition pleaded an express contract on the part of the plaintiff and therefore she must recover thereon or not at all. When on the witness stand, plaintiff gave evidence to the effect that she paid her fare to the conductor but that she had no express contract as to the point of her destination nor otherwise touching the matter. So far as this feature of the case is concerned, the petition charges substantially that the

defendant received the plaintiff as a passenger on its car for a valuable consideration paid by her and undertook and agreed with plaintiff to safely carry her to her point of destination, at the crossing of Taylor and Page avenues, and there stop the car and allow her an opportunity to safely alight therefrom. After other appropriate recitals, the petition continues to charge, in substance, that while said car was stopped at Taylor and Page avenues, and the plaintiff was, at the invitation of defendant's servants, proceeding to alight therefrom, and while she was in the act of alighting, before she had reasonable time or opportunity to do so, said car was by defendant's servants in charge thereof, *negligently* caused and suffered to start into fast motion with a jerk and shock, whereby the plaintiff was thrown from said car against the pavement and permanently injured by sustaining a fracture of her arm, etc. Of course, the general rule is a plaintiff will not be permitted to state one cause of action and recover on another, and there is no doubt of the general proposition that one pleading an express contract will not be permitted to recover on one implied. In so far as the defendant's request for the court to peremptorily direct a verdict is concerned, the argument advanced is that there was a total failure of proof to sustain the allegations of the petition for the reason the petition counted and sought a recovery on an express contract with defendant. In so far as the court's refusal of the defendant's instruction above copied is concerned, the argument is that the instruction sought to submit to the jury the express contract pleaded in the petition and the court therefore erred in refusing it. It is said the relation of passenger and carrier is contractual and the plaintiff having chosen to plead an express contract in this respect, must prove it as laid or else fail of recovery. There is no doubt of the proposition that the relation of passenger and carrier is dependent upon the existence of a contract,

either express or implied; and that a failure to safely carry is a breach of the obligation imposed by the contract. [Schepers v. Union Depot Ry. Co., 126 Mo. 665; Schaefer v. St. L. & Sub. Ry. Co., 128 Mo. 64.] However this may be, the obligation of the carrier arises as much out of a public duty to safely carry, which is imposed by law, as it does out of the contract, and the rule is universal in those jurisdictions where the common law obtains that an action by a passenger against a common carrier for personal injuries may be maintained either *ex contractu* on the breach of the contract of carriage, or *ex delicto* for a breach of the public duty or obligation imposed by law to exercise a high degree of care looking to safe carriage. [Patterson v. Railway Co., 94 Ga. 140; Frink v. Potter, 17 Ill. 406; Nevin v. Pullman Car Co., 106 Ill. 222; 15 Amer. and Eng. Ency. Law (2 Ed.), 1121, 1122; 5 Amer. and Eng. Ency. Law (2 Ed.), 480; 4 Elliott on Railroads, sec. 1696; Lemon v. Chanselor, 68 Mo. 340, 353.] Although the relation of carrier and passenger arises in the first instance out of contract, the duty of such carrier of passengers is entirely different and distinct from the duty of the common carrier of goods. The common carrier of goods is an insurer; whereas the obligation resting upon the common carrier of passengers, by virtue of its office, is that of a high degree of care only. The defendant in this case is not an insurer. It is liable to respond only upon a breach of its obligation of high care. [Dougherty v. Railway, 81 Mo. 325; 4 Elliott on Railroads, sec. 1583.] And actions by passengers against the common carrier are ordinarily founded on the tort or breach of duty imposed by law; that is, instead of proceeding for a breach of the contract of carriage, such actions usually proceed on the theory of negligent conduct on the part of the carrier, whereby the obligation imposed by law is breached to the plaintiff's injury. [4 Elliott on Railroads, sec. 1696.] As a general proposition, it may

be stated that where the passenger sustains injury by reason of the breach of duty which the railroad owes to the public in general, the remedy is in tort. In such cases, the wrong done to the passenger and the violation of the public duty on the part of the common carrier, constitute the point or gravamen of the action which arises *ex delicto*. [Nevin v. Pullman Car Co., 106 Ill. 222; Frink v. Potter, 17 Ill. 406; 15 Amer. and Eng. Ency. Law (2 Ed.), 1121, 1124; Lemon v. Chanselor, 68 Mo. 340, 353.] In view of the fact that the relation of passenger and carrier can arise only through contract, express or implied, it would indeed be difficult to state a cause of action without some reference to the contract out of which the relation arose. And so it is, when the action sounds in tort, the allegation of the contract of carriage is regarded as mere inducement to the action to show the defendant's right to sue as a passenger. Therefore, in cases of this class, where the plaintiff alleges the payment of his fare, the promise of the company to carry him, and then proceeds to state the tort, and his claim for damages arising on account thereof, the action is declared to be one in tort. This for the reason the gravamen or gist of the action proceeds *ex delicto* on the breach of the duty owing to the public imposed by law. [Railroad v. Cloud, 6 Colo. App. 445; Head v. Railroad, 79 Ga. 358; Ames v. Railroad, 117 Mass. 541; Hammond v. Railroad, 6 S. C. 130, 137; Brown v. Railroad, 54 Wis. 342, 347; 15 Ency. Pl. and Pr., 1124.]

By reference to the petition, it will appear the contract of carriage is first stated therein as matter of inducement. It is averred the defendant was unmindful of its duty in the premises, etc. Following thereafter, it is pointedly averred that the plaintiff received her injury through the negligence of the defendant's servants in starting the car into fast motion with a jerk and shock as she was in the act of alighting. Our

code, sec. 629, R. S. 1899, sec. 629, Mo. Ann. St. 1906, provides: "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." The section, by its plain provisions, commands a liberal construction of the allegations in the plaintiff's petition in the interests of justice, to the end that the gravamen or the real cause of action shall be ascertained and pressed forward. [Cobb v. Railway, 149 Mo. 135.] It is obvious, when thus construed, that even though the petition alleged an express contract between the parties as inducement, the gravamen or gist of the action was the defendant's breach of its public duty to exercise a very high degree of care looking to the safety of the plaintiff until she had alighted from the car in the street. The cause of action stated in the petition sounds in tort rather than in contract. Evidence of an express contract was therefore not material to the issue and the proof of an implied contract, out of which the relation of carrier and passenger arose, was sufficient. The court very properly refused defendant's request for peremptory instructions and refused as well defendant's instruction No. 1 hereinbefore copied.

2. The petition alleges that the plaintiff received several injuries as a result of the fall. The only injury alleged to have been permanent was the broken arm. In the reception of evidence, the court admitted over the objection and exception of defendant, evidence tending to prove that some injuries, other than the broken arm mentioned in the petition, were permanent as well. Of course this was error. It was cured, however, by instruction at the conclusion of the case which directed the jury that the plaintiff did not seek to recover damages for any permanent injuries other than the fractured arm and that the jury should therefore not con-

134 App—19

sider anything in the case with respect to permanent injuries other than that pertaining to the broken arm. The instruction was proper.    It operated to withdraw from the jury all matters of permanent injury not pleaded.

The judgment will be affirmed.    *Bland, P. J.,* and *Goode, J.,* concur.