. ANNA BARNHOFF, Appellant, v. M. R. ALDRIDGE.—38 S. W. (2d) 1029.

Division One, May 21, 1931.

J. W. *Walsh* and *T. S. Mosby* for appellant.

*Irwin & Bushman* and *Woodward & Evans* for respondent.

FERGUSON, C.—This is an action for damages for injuries alleged to have been sustained by plaintiff and to have resulted from a surgical operation performed upon plaintiff by defendant, a physician and surgeon.

The petition is in eight paragraphs and we set out briefly the substance of each paragraph, quoting the more pertinent parts, as follows:

1. That, the defendant is a practicing physician and surgeon residing in Jefferson City, Missouri.

2. That, in March, 1922, plaintiff became ill; suffered from pain in the right side of her abdomen; her family physician "diagnosed her ailment as gall-bladder trouble;" she consulted a number of other physicians and surgeons who made the same diagnosis.

3. That, she was brought to a hospital in Jefferson City; her family physician "decided removal of the gall-bladder was an urgent necessity." The defendant was called on July 9, 1923, "to perform the said surgical operation and that the defendant did on said date for hire then and there orally contract and agree with plaintiff to perform the said operation."

4. That, defendant made an examination of plaintiff; stated that plaintiff was suffering from a diseased gall-bladder and caused x-ray photographs to be taken which confirmed the diagnosis previously made.

5. That, plaintiff was required to remain in said hospital and that defendant had x-ray photographs made of plaintiff's teeth and at direction of defendant all of plaintiff's teeth were extracted.

6. That, on August 22, 1923, the defendant operated upon plaintiff but "instead of performing the said operation, as defendant had contracted and agreed to do, the defendant violated his said contract with plaintiff and contrary to his promise and agreement theretofore made and entered into with this plaintiff, made various deep and dangerous incisions in and upon plaintiff's back, under pretense of lifting one of the kidneys of plaintiff, thereby seriously wounding and injuring this plaintiff, but wholly failing and refusing to remove plaintiff's diseased gall-bladder as aforesaid."

7. That, "as a direct and proximate result of his breach of duty to the plaintiff as aforesaid under said agreement the plaintiff became physically disabled and suffered great pain of body and anguish of mind, and has been a helpless and hopeless invalid ever since; that for a long time thereafter she was not able to stand or walk without great pain, and was and is as a result of said injuries wholly unable to perform any kind of labor or to earn her own living."

8. "That because of defendant's breach of his contract with her as aforesaid, the plaintiff has been obliged to undergo two additional surgical operations . . . and as a result of defendant's said breach of contract and his failure to perform his duty to plaintiff under the agreement as aforesaid, this plaintiff is now permanently crippled and will be an invalid for life. . . . Wherefore plaintiff says that she has suffered injury and damage in the sum of fifty thousand dollars, for which sum she prays judgment and costs."

Defendant interposed a demurrer on the ground "that it appears upon the face of said petition that the plaintiff's cause of action, if any she has, accrued more than two years before the commencement

of this suit and has become completely barred by the Statute of Limitations.'' The court sustained the demurrer and entered judgment for the defendant, whereupon the plaintiff appealed. By his demurrer the defendant invoked Section 864, Revised Statutes 1929, Laws 1921, p. 197, which reads:

''All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of.''

The action was filed to the June term, 1927, of the Circuit Court of Cole County, and more than two years after the alleged cause of action arose.

Plaintiff says that the action is not an action for damages for ''malpractice, error or mistake'' on the part of the defendant surgeon but is an action *ex contractu* for damages for the breach of an express contract and that the Statute of Limitations (Section 864, supra) invoked has no application to actions *ex contractu*. In an examination of plaintiff's theory we review the petition for the purpose of determining whether the cause of action set out therein is, as claimed by defendant, in effect one for damages for malpractice. The second and third paragraphs of the petition contain matters of inducement and allege that defendant was employed to perform a surgical operation upon plaintiff for the removal of the gall-bladder which it is alleged he orally agreed and contracted to do. The fourth and fifth paragraphs of the petition, pertaining to the taking of x-ray photographs, the extraction of plaintiff's teeth and preoperative hospitalization, have no direct bearing on the object and purpose of the action. The basic allegations of plaintiff's cause of action are found in paragraphs 6 and 7 and demonstrate that the purpose of the action is the recovery of damages against defendant, in an unliquidated amount, for personal and bodily injuries which it is alleged plaintiff sustained as the result of an alleged wrongful act on the part of defendant and that such wrongful act was a breach of the contractual and legal duty which the defendant surgeon owed to plaintiff in performing the operation. We observe that plaintiff omits the usual allegations made in a malpractice case as to negligence or lack of skill but the nature of the charge of malpractice is not changed by failing to state it in detail ''or by putting it in language suitable to the statement of a cause of action on contract.'' [Horowitz v. Bogart, 217 N. Y. Supp. 881.]

In the Horowitz case cited, the complaint alleged that plaintiff was suffering from a duodenal ulcer; that he entered into an agreement with defendant, a surgeon, ''wherein and whereby, and for and in consideration of the sum of $150, to be paid by the plaintiff to defendant, the defendant agreed to perform a surgical operation on the plaintiff for the removal of the duodenal ulcer from the plain-

tiff's body;'' that plaintiff performed all the terms and conditions of the contract on his part to be performed and submitted to an operation by defendant: *"that the defendant failed and neglected to perform his part of the agreement, in that he failed and neglected to remove the duodenal ulcer from the body of the plaintiff, permitting it to remain therein, and instead, removed the appendix;"* that plaintiff suffered severe pain and mental anguish, was unable to attend his usual vocation and asked for damages in the sum of $50,000. In New York a statute, similar to our Section 864, supra, provides that ''an action to recover damages for malpractice'' must be ''commenced within two years after the cause of action accrues.'' From an order denying defendant's motion to dismiss the complaint on the ground that the cause of action set forth therein was barred by the said two-year limitation applying to actions for malpractice, the defendant appealed. The Supreme Court, Appellate Division, reversed the order and sustained the motion to dismiss. The court said: ''The sole question before the court is whether the complaint sets forth a cause of action for breach of contract or one for malpractice. If the latter, it is conceded that the defendant's motion to dismiss should have been granted. . . . While in the complaint now under consideration, neither lack of skill nor negligence is charged, the basis of the charge is 'improper performance of the work to the personal injury of the plaintiff.' . . .''

We think it is obvious that though the petition in the instant case alleges an express contract between the parties, the gravamen or gist of the action is defendant's wrongful act. [Canady v. United Rys. Co., 134 Mo. App. 282-290, 141 S. W. 917-921; Marty v. Somers, 35 Cal. App. 182, 169 Pac. 411.] The statute invoked is a bar to all actions against physicians and surgeons for damages for malpractice, error or mistake not brought within two years from the date of the act complained of. The limitation is not determined by the form of the action, but by its object. The improper performance by a physician or surgeon of the duties devolved and incumbent upon him and the services undertaken by him, whether same be said to be under a contractual relationship with the patient arising out of either an express or implied contract or the obligation imposed by law under a consensual relationship, whereby the patient is injured in body and health, is malpractice, and any action for damages, regardless of the form thereof, based upon such improper act comes within the inhibition of the two-year Statute of Limitation.

The question presented by this appeal is discussed in 21 Ruling Case Law at pages 400 and 401 as follows:

''It seems to be theoretically correct to say that an action for malpractice is an action tortious in its nature growing out of the breach of a consensual relation. Less correct but more peculiar is the ex-

pression that malpractice is an action of tortious nature but growing out of a breach of contract. . . . Nearly all of the courts have stated as the rule that a recovery for malpractice may be had either in a contract or tort action. Some cases have emphasized the contract idea and intimate that the normal recovery would be in contract, although a tort action would be permissible. Some cases say that the action for malpractice is based on tort and not on contract. However, the majority of cases say that an action for malpractice is one that is essentially tortious in its nature, but that the tort may be waived, allowing a suit in assumpsit. It seems that the obligation of a physician to his patient is really a relational obligation similar to the obligation of a public carrier to a passenger, and it is hard to say that the breach of the relational duty is either a tort or a breach of contract. . . . Greater indecision exists on the question what is the proper period of limitation for an action for malpractice. It has been said that as the action is tortious in its nature the statute of limitations for torts should apply, but probably the majority of jurisdictions would hold that, since a recovery may be had either in contract or tort, either statute of limitations will be applied, dependent in each instance on whether the patient has brought suit in assumpsit or on the case. It would seem very advisable and almost necessary to do what has been done in some jurisdictions, namely, recognize the fact that an action for malpractice is neither a purely tortious or contractual action, but is a hybrid, and expressly provides for a prescribed limitation for such actions.''

By the amendment in 1921 of what is now Section 864, Revised Statutes 1929, our Legislature expressly provided a prescribed limitation for such actions and the limitation therein applies to *all actions* against physicians and surgeons for damages for malpractice.

The demurrer was properly sustained, as the cause of action was barred by the two-year Statute of Limitation, and the judgment of the circuit court is therefore affirmed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.