**Elaine Suzie KARNEY,
Plaintiff–Appellant,**

v.

**Mark WOHL and Robert Wohl,
Defendants–Respondents.**

**No. 53143.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 24, 1988.

Application to Transfer Denied
April 19, 1988.

---

Sanford Goffstein, St. Louis, for plaintiff-appellant.

Robert G. Brady, Joseph Colagiovanni, St. Louis, for defendants-respondents.

GRIMM, Judge.

Appellant Elaine Suzie Karney asserts that the trial court erred in sustaining a motion for summary judgment filed by respondents Mark Wohl and Robert Wohl. The underlying petition was in three counts, with Count I seeking equitable relief in setting aside a settlement agreement in a dissolution proceeding; Count II seeking damages for the "fraudulent misrepresentations made by Mark Wohl"; and Count III seeking damages from both respondents, alleging that they conspired to defraud appellant. Finding that no appealable order was entered, the appeal is dismissed.

The marriage of appellant and respondent Mark Wohl was dissolved on January 4, 1982. The parties had previously, on November 25, 1981, entered into a written settlement agreement, in part to "adjust, settle and determine all of their respective property rights." In the petition filed April 5, 1985, appellant alleged that Mark Wohl had represented to her that "he had transferred his shares of stock in Premium Associates, Ltd., to Robert Wohl in consideration of the payment of Seventeen Dollars ($17.00)" on February 18, 1980, but in fact he had not transferred his shares and that the transaction was a sham and artifice used to defraud her of her marital rights in the property. Respondents filed a "Motion to Dismiss or for Summary Judgment," asking the court to "dismiss plaintiff's petition and to enter summary judgment" because the petition failed "to state a claim upon which relief can be granted, that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law." The respondents did not file any supporting affidavits as permitted by Rule 74.04, however they did file a memorandum in support of their motion, to which was attached as exhibits excerpts from two depositions and a copy of the settlement agreement.

Appellant filed a memorandum in opposition. No affidavits accompanied it, however attached to the memorandum were exhibits, including some answers to interrogatories; an excerpt from a deposition; a few pages purporting to be from a transcript on appeal in another case involving respondents; purported financial statements of respondents dated September 15, 1980; and purported income tax returns for Premium Associates, Ltd., for the years 1977 through 1980. Thereafter, respondents filed a memorandum in response to appellant's memorandum.

Before reaching the dispositive issue, we reiterate the suggestion in *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 116 (Mo.App. E.D.1986):

The preferable course for both the moving and opposing parties to follow in a motion for summary judgment would be *to enumerate* all portions of the transcripts and depositions referred to *in the motion and to properly authenticate or*

*certify the documents* which they wish the trial court to consider in ruling on the motion. Unless the record reveals that the documents which the parties purportedly relied upon in the trial court were properly made part of the record, we cannot say that they were before the trial court and they are not now before us. (emphasis added).

The trial court entered the following order:

> Defendant's motion to dismiss or for summary judgment, having been presented and argued, and the Court having considered the same, herewith sustains motion for summary judgment. Cause dismissed without prejudice at plaintiff's cost.

The appealability of the trial court's order has not been raised by the parties. That issue, however, goes to this court's jurisdiction and we therefore have a duty to examine it *sua sponte*. *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App.E.D. 1983). This court only has jurisdiction to hear appeals from a final judgment or order. *Id.*

In its order, the trial court sustained the motion for summary judgment. Such an entry, without more, would be considered to be final for purposes of appeal. *Gillman v. Mercantile Trust Co., N.A.*, 629 S.W.2d 441, 444 (Mo.App.E.D.1981).

However, the trial court's order went on to say, "Cause dismissed without prejudice at plaintiff's cost." Rule 67.03 states that a "dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." With exceptions not applicable here, a dismissal without prejudice is not an adjudication on the merits, *Ritter v. Aetna Casualty and Surety Company*, 686 S.W.2d 563 (Mo.App.S.D.1985), and therefore does not constitute a final judgment from which an appeal could be taken. *Eschelbach v. General Motors Corporation*, 661 S.W.2d 821 (Mo.App.E.D.1984).

Respondents' original motion commingled two different motions; a motion to dismiss and a motion for summary judgment. The trial court, inadvertently, continued this commingling when it entered its order. We are unable to discern the intended result of the trial court's order, but in view of that portion of the order that says that the cause was "dismissed without prejudice", we conclude that it is not an appealable order.

Since this court lacks jurisdiction, the appeal is dismissed without prejudice.

SIMON, P.J., and CRANDALL, J., concur.