**Clara SPRUILL, Plaintiff–Appellant,**

v.

**BARNES HOSPITAL, et al., Defendant–Respondent.**

No. 53367.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 31, 1988.

Susan Hais, Clayton, for plaintiff-appellant.

Shepherd, Sandberg & Phoenix, Paul N. Venker, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

The substantive issue in this case is whether the court erred in dismissing plain-

tiff's petition as a claim for medical malpractice barred by the two year statute of limitations. Section 516.105 RSMo 1978. Plaintiff sued Barnes Hospital and others who rendered medical services to plaintiff on August 29, 1980. She alleged in the petition that they performed a laproscopic fulgration on that day rather than a tubal ligation, as the parties had agreed. She contends that the claim is a suit for breach of a February 8, 1980 contract to render certain medical services limited by Section 516.120 RSMo 1978, a five year statute of limitations.

The original petition was filed on August 27, 1982. Subsequently, a second and third amended petition were filed. On March 10, 1986, plaintiff voluntarily dismissed her third amended petition without prejudice. On March 12, 1987, a Thursday, plaintiff refiled her petition for damages. The second filing occurred more than two years after the medical services were rendered and more than one year after the voluntary dismissal. On May 7, 1987, the trial court sustained motions to dismiss filed by defendants on the basis of Section 516.105 RSMo 1978. Section 516.105 RSMo 1978 provides that all actions against physicians, hospitals, and other entities providing health care services acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake relating to health care shall be brought within two years of the act or neglect complained of.

The Supreme Court considered a similar malpractice versus contract issue in *Barnhoff v. Aldridge*, 327 Mo. 767, 38 S.W.2d 1029 (Mo.1931). In that case a patient attempted a contract suit against the doctor. The patient alleged the doctor agreed to perform gall bladder surgery, but caused injury to plaintiff's back under pretense of lifting one of plaintiff's kidneys. The court found that although plaintiff attempted a contract action, the "gist of the action" was the doctor's wrongful act. *Id.* at 1030. It held:

The *improper performance by a physician* or surgeon of the duties devolved and incumbent upon him and the services undertaken by him, *whether same be said to be under a contractual relationship* with the patient *arising out of either an express or implied contract* or the obligation imposed by law under a consensual relationship, *whereby the patient is injured in body and health, is malpractice,* and any action for damages, regardless of the form thereof, based upon such improper act, comes within the inhibition of the two-year statute of limitation. (Emphasis ours.)

*Id.* at 1031. Although styled a petition in contract plaintiff's claim is a malpractice claim which the trial court properly ruled is barred under Section 516.105 RSMo 1978 and Section 516.230 RSMo 1978.

We affirm.

SMITH, and KELLY, JJ., concur.