**In the Matter of Michael Christopher MYHRE, an alleged incapacitated person, Respondent.**

**No. WD 41242.**

Missouri Court of Appeals, Western District.

July 3, 1989.

William L. Webster, Atty. Gen., Timothy P. Duggan, Asst. Atty. Gen., Jefferson City, for appellant.

John Lister Whiteside, Columbia, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This appeal by John J. Harris, a social worker at Fulton State Hospital, is from an order of the trial court which dismissed a petition brought under Chapter 475, RSMo 1986,[1] to declare Michael Christopher Myhre an incapacitated person and to appoint a guardian. We dismiss the appeal.

The petition alleged that Myhre suffers from schizophrenia and in consequence of that illness, is unable to receive and evaluate information or to communicate decisions to such an extent that he lacks capacity to meet essential requirements for food, clothing, shelter, safety or other care such that serious physical injury or disease is likely to occur. Section 475.010(8). The cause was set down for trial before a jury, apparently at Myhre's request. Evidence was presented in support of the petition, the petitioner rested and Myhre as respondent rested without presenting any evidence. The court then conducted a conference with counsel and expressed the opinion that no evidence was before the jury sufficient to support a verdict finding Myhre to be an incapacitated person. On this account, the jury was discharged and the court entered an order reciting: "Petition is dismissed without prejudice."

On this appeal, Harris contends in two points that the court erred when it ordered the petition dismissed. Harris argues that

---

**1.** All statutory references are to RSMo 1986.

the evidence was sufficient to take the case to the jury on the question of Myhre's incapacity. He argues that the case should be returned for a new trial.

From the record which has been supplied, it would appear that the trial court acted sua sponte to dismiss the petition in this case, there being no indication of any motion made on behalf of Myhre for that relief. There also is no suggestion that Myhre opposed the dismissal. He has filed no brief or presented any argument here. It is, however, appropriate to observe that in the circumstances, the appropriate order would have been to deny the petition.

Under § 475.075.7, the burden is on the petitioner to prove incapacity by clear and convincing evidence. If that evidence is not presented, it would follow that there is no cause for appointment of a guardian or the rendition of protective services and that the petition should be denied, thereby providing an adjudication of the issues made up by the petition. Section 475.075.9. A dismissal of the petition, particularly a dismissal without prejudice, creates the problem which this appeal demonstrates.

In *Nicholson v. Nicholson*, 685 S.W.2d 588 (Mo.App.1985), Judge Crandall of the Eastern District suggests that there is confusion in the case law as to whether an order for dismissal without prejudice is appealable. He concludes that if the dismissal does not purport to be an adjudication of any procedural or substantive aspects of the plaintiff's action, it does not finally dispose of the case and it is therefore not an appealable order. In the present case, the remarks by the trial judge made to counsel indicate she did not regard the matter of Myhre's condition finally determined because she expressly stated the dismissal did not foreclose bringing another action if the "situation so warranted it in the future."

This case is somewhat similar to *Karney v. Wohl*, 747 S.W.2d 214 (Mo.App.1988), an action in equity to set aside a settlement agreement in a dissolution proceeding on grounds of fraud. The trial court there entered an order sustaining a motion for summary judgment and concurrently dismissed the cause without prejudice. On appeal, the court observed that normally, an order for summary judgment is a final judgment and is appealable. A dismissal without prejudice, however, is not because, under Rule 67.03, a dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. The court dismissed the appeal in *Karney* on authorities there cited and principles well recognized that a dismissal without prejudice is not an adjudication on the merits and therefore, not constituting a final judgment, a dismissal without prejudice is not appealable. *Turnbow v. Southern Railway Company*, 768 S.W.2d 556, 558 (Mo. banc 1989).

The same result must follow in the present case. Despite the comments of the trial judge otherwise, the question of whether or not the evidence presented in support of the petition filed by Harris was sufficient to make a fact issue of Myhre's incapacity has not been adjudicated. Under the authorities previously cited, the petition may be refiled and the cause retried upon the same or new evidence with no effect on the result because of the prior dismissal.

The appeal is dismissed.

All concur.