**Myra MULLINS, Plaintiff/Appellant,**

v.

**Jack MILLER, Defendant/Respondent.**

**No. 57935.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 1990.

Charles R. Willis, St. Louis, for plaintiff/appellant.

Priscilla F. Gunn, St. Louis, for defendant/respondent.

GRIMM, Judge.

Plaintiff Myra Mullins, a dental patient of defendant Jack Miller, sued him concerning a set of dentures. Plaintiff did not file the affidavit required by § 538.225.[1] This affidavit must show plaintiff "obtained a written opinion of a legally qualified health care provider" stating defendant had failed to use the appropriate care. Defendant's motion to dismiss was sustained and the cause was dismissed without prejudice. Finding no appealable order was entered, this appeal is dismissed.

### I. Procedural Background

On May 25, 1989, plaintiff filed a four count petition. Plaintiff labeled the counts (1) breach of contract, (2) for money had and received, (3) conversion, and (4) for personal injury by malpractice. All four counts concerned dentures which defendant prescribed for plaintiff for which an insurance company paid $876.00. Plaintiff alleged the dentures "did not fit properly" and defendant failed "to perform as promised."

On September 12, defendant filed a motion to dismiss. He asked for dismissal for plaintiff's failure to comply with § 538.225. Plaintiff confessed the dismissal of Count IV, entitled "for personal injury by malpractice," and it was dismissed without prejudice. No action was taken concerning the other three counts.

On October 6, defendant filed another motion to dismiss, also based on failure to comply with § 538.225. In his motion, defendant alleged the three remaining counts,

---

1. All statutory references are to RSMo 1986.

in effect, sought damages for failure to provide proper dental care. In support, he cited *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.E.D. 1974).

This motion to dismiss was argued and submitted on November 3. On November 9, the court sustained the motion and plaintiff's petition was ordered dismissed without prejudice. Judge Thomas C. Grady signed this order.

On November 20, plaintiff filed a "motion for reconsideration" of the dismissal order and a motion for leave to amend her petition. These motions were argued before Judge Booker Shaw on January 12, 1990. On January 22, Judge Shaw "affirm[ed] the 11–9–89 decision," and also denied leave to amend the petition.

### II. Malpractice

■ Plaintiff's brief contains three points. It is questionable whether the points comply with Rule 84.04(d).[2] In view of our holding the dismissal without prejudice was not appealable, we do not reach that issue.

In *Barnhoff v. Aldridge*, 327 Mo. 767, 38 S.W.2d 1029 (Div 1 1931), the court recognized that although a petition alleged "an express contract between the parties, the gravamen or gist of the action is defendant's wrongful act." *Id.* 38 S.W.2d at 1030. It held:

> The improper performance by a physician or surgeon of the duties devolved and incumbent upon him and the services undertaken by him, whether same be said to be under a contractual relationship with the patient arising out of either an express or implied contract or the obligation imposed by law under a consensual relationship, whereby the patient is injured in body and health, is malpractice.

*Id.* at 1031. See also *Spruill v. Barnes Hospital*, 750 S.W.2d 732, 733 (Mo.App.E.

D.1988) and *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo. App.E.D.1974). The rule enunciated in *Barnhoff* also applies to actions against a dentist. *Gardner v. Robinson*, 759 S.W.2d 867 (Mo.App.S.D.1988).

The teaching of *Barnhoff* and its progeny is that an action based on a dentist's wrongful act is a tort action for malpractice. Thus, plaintiff's action falls under Chapter 538, Tort Actions Based on Improper Health Care.

Section 538.225 requires plaintiff or plaintiff's attorney to file an affidavit within 90 days after the petition was filed, unless the court, for good cause shown, extends the time for filing. The affidavit must state that plaintiff has obtained the written opinion of a health care provider which states "the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition." § 538.225.1. Upon failure to do so, on motion, the court may dismiss the petition without prejudice. § 538.225.5.

Here, the trial court dismissed plaintiff's petition for failure to file the affidavit. This dismissal, without prejudice, was made in accordance with § 538.225.

### III. Dismissal without prejudice

■ Rule 67.03 states a "dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." With exceptions not applicable here, a dismissal without prejudice is not an adjudication on the merits. *Ritter v. Aetna Casualty & Surety Company*, 686 S.W.2d 563 (Mo.App.S.D.1985). As a result, such a dismissal does not constitute a final judgment from which an appeal may be taken.

---

**2.** The points allege (1) § 538.225 does not apply to "contract or tort claims asserted on grounds other than personal injury by malpractice," (2) § 517.111 "does not apply to suits filed in or assigned to Division 29" because of local rule 6.3, and (3) abuse of discretion by denying plaintiff's request for leave to amend. The constitutionality of § 538.225 was not raised either in the trial court or here.

*Karney v. Wohl*, 747 S.W.2d 214, 216 (Mo. App.E.D.1988).

This court only has jurisdiction to hear appeals from a final judgment. *Id.* In view of the fact there is no final judgment before us, this court lacks jurisdiction. Accordingly, the appeal is dismissed.[3]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

**3.** Defendant's motion to dismiss appeal, ordered taken with the case, is denied as moot.