42 S.W.3d 16 (2001)
M.M.H. and W.M.D.H., Plaintiffs/Appellants,
v.
J.P.C., H.A.B., W.U. and Barnes-Jewish Hospital, Defendants/Respondents.
No. ED 77805.
Missouri Court of Appeals, Eastern District, Division Three.
January 30, 2001.
Application for Transfer Denied April 5, 2001.
*17 Michael A. Gross, David Wm. Horan, M.D. J.D., and Burton Newman, St. Louis, MO, for appellant.
Robert S. Rosenthal, T. Michael Ward and Amy L. Klingeman, St. Louis, MO, for J.P.C., H.A.B., and W.U.
David M. Harris, Wendy M. Schumacher, St. Louis, MO, for Barnes-Jewish Hospital.
Application for Transfer to Supreme Court Denied April 5, 2001.
LAWRENCE G. CRAHAN, Judge.
M.M.H. ("Mother") and W.M.D.H. ("Father") appeal the trial court's order dismissing their claim against J.P.C. ("Doctor"), H.A.B. ("Counselor"), Washington University and Barnes-Jewish Hospital ("Barnes") (collectively "Defendants") as barred by section 516.105 RSMo 1994,[1] the two-year statute of limitations for medical malpractice actions. Mother and Father argue the trial court erred in concluding their claim was barred by that statute of limitations because their petition was styled as a claim for fraudulent misrepresentation, and as such, should have been construed pursuant to the five-year statute of limitations found in section 516.120. They contend that because their petition stated a claim for fraud and was filed within five years of the date of diagnosis of their son's genetic disorder, Barnes' motion to dismiss should have been denied.
The essential facts are not in dispute. In 1986, prior to conceiving their child, E.T.H., Mother and Father obtained genetic counseling at Barnes. Two of Mother's relatives suffered from a genetic disease known as spondyloepiphyseal dysplasia tarda ("SEDT"). Mother and Father sought advice regarding the risk that any children they produced would be afflicted with this disease. They consulted with Counselor, a genetic counselor practicing in the Genetics Division of Barnes. Doctor, an obstetrician and gynecologist, was the director of this division and Washington University operated the University Medical Center that employed them both.
On April 21, 1986, Counselor and Doctor provided Mother and Father with a written report assessing the risk that they would have a child afflicted with SEDT. Relying upon the information provided, Mother and Father determined the risk to be acceptable, and conceived a child. E.T.H. was born on December 29, 1987, and suffers from SEDT.
In 1998, Mother, as guardian and next friend of E.T.H., filed a medical malpractice suit in the Circuit Court of the City of St. Louis alleging that Defendants were negligent in assessing and reporting the risk of SEDT occurring in the offspring of Mother and Father. The petition alleged that E.T.H. would not have been conceived or born if his parents had received accurate information regarding that risk. Upon Defendants' motion, this suit was dismissed with prejudice for failure to state a claim upon which relief could be granted.[2] This dismissal was not appealed.
In September 1999, Mother and Father filed the present action on their own behalf against Defendants. In this petition, they alleged that Defendants knew the report *18 issued to them was false and that the actual risk that Mother would produce a child with SEDT was significantly higher than that reflected in the report. They also alleged that they had believed the information in the report to be true, that the false information was material to their decision to conceive a child, that they had relied upon the report in deciding to conceive a child, and that they would have refrained from conceiving a child if the report had stated the actual risk of SEDT affliction. Mother and Father also alleged Defendants intended for them to rely on the information and that Defendants' misconduct was intentional and outrageous. Mother and Father requested damages for their child's medical expenses and lost wages, as well as punitive damages.
Defendants again responded by filing a motion to dismiss, asserting that: 1) the claim was barred by the statute of limitations for medical malpractice actions; 2) the claim was barred by the doctrine of res judicata; 3) even if their petition properly stated a claim for fraud, it was barred by the applicable statute of limitations; and 4) the petition failed to state a claim upon which relief could be granted because it was essentially one for wrongful life with the requested damages too speculative to award as a matter of law.
The trial court granted Defendants' motion to dismiss concluding that although the claim had been presented as one for fraud, the gravamen of the claim was for the negligent or wrongful rendering of health care services. Because the report was issued in 1986 and the petition against Defendants was not filed until 1999, the claim was barred by the two-year statute of limitations applicable to medical malpractice actions. Mother and Father appeal from this dismissal.
Appellate review of a trial court's order granting a motion to dismiss is de novo. Jordan v. Willens, 937 S.W.2d 291, 293 (Mo.App.1996). A motion to dismiss should be sustained if it is clear from the face of the petition that the action is barred by the statute of limitations. Olean Assocs., Inc. v. Knights of Columbus, 5 S.W.3d 518, 521 (Mo.App.1999). Moreover, this court may affirm the trial court's dismissal of an action on any ground submitted to the trial court in the motion to dismiss, even if the trial court did not rely on that ground in dismissing the claim. City of Ellisville v. Lohman, 972 S.W.2d 527, 530 (Mo.App.1998).
On appeal, Mother and Father argue the trial court erred in concluding that their claim was essentially one for medical malpractice and as such, barred by the two-year statute of limitations applicable to such actions. They contend Yoos v. Jewish Hosp. of St. Louis, 645 S.W.2d 177, 191 (Mo.App.1982), gives them the right to choose their theory of recovery against Defendants. They argue that because they chose to bring an action for fraudulent misrepresentation as opposed to medical malpractice, the trial court acted improperly in recharacterizing their action and applying a different statute of limitations. We disagree.
Section 516.105 states, in relevant part:
All actions against physicians, hospitals... and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of....
In Rowland v. Skaggs Cos., 666 S.W.2d 770, 772-73 (Mo. banc 1984)(citing National Credit Assocs., Inc. v. Tinker, 401 S.W.2d 954, 959 (Mo.App.1966)), the Missouri *19 Supreme Court found that section 516.105 clearly covers all claims brought by consumers of health care services for injuries resulting from improper, wrongful or careless acts or omissions on the part of a health care provider in the delivery of health care to the consumer. The Court further stated when a health care provider is liable under both tort and contract theories, the two-year statute of limitations provided by section 516.105 cannot be circumvented by denominating the suit as one in contract. Id. at 773.
Similarly, in Barnhoff v. Aldridge, 327 Mo. 767, 38 S.W.2d 1029 (1931), the Court rejected an attempt by the plaintiff to avoid the medical malpractice statute of limitations. The court found that although the plaintiff attempted a contract action against her doctor, the "gist of the action" was the doctor's wrongful act. Id. at 1030. The court held that the improper performance by a physician or surgeon of the duties devolved and incumbent upon him and the services undertaken by him, whether same be said to be under a contractual relationship with the patient arising out of either an express or implied contract or the obligation imposed by law under a consensual relationship, whereby the patient is injured in body and health, is malpractice, and any action for damages, regardless of the form thereof, based upon such improper act, comes within the inhibition of the two-year statute of limitations. Id. at 1031.
Although styled as a petition for fraudulent misrepresentation, Mother and Father's claim is essentially one for the negligent or wrongful rendering of genetic counseling health care services. Their reliance on Yoos is misplaced. In that case, the court held that a plaintiff may choose its theory of recovery upon which to submit its case to the jury when there is substantial evidence at trial to support the theory. Id. at 191. However, Yoos does not authorize a plaintiff to pick a theory of recovery in order to choose a more advantageous statute of limitations or to avoid the two-year statute of limitations imposed by section 516.105. Attempts to characterize such actions as fraud or contract do not avoid the provisions of that section. Ley v. St. Louis County, 809 S.W.2d 734, 737 (Mo.App.1991). Because this holding is sufficient to support the judgment, we need not reach the alternative grounds advanced by Defendants.
The judgment of the trial court dismissing the petition is affirmed.
GARY M. GAERTNER, Sr., P.J., and GEORGE W. DRAPER, III, J., concur.
NOTES
[1] All further statutory references are to RSMo 1994, unless otherwise indicated.
[2] The court determined that the action was one for "wrongful life," which is not recognized in Missouri. See Wilson v. Kuenzi, 751 S.W.2d 741 (Mo. banc 1988).