Larry WAGES, Appellant,

v.

Matt YOUNG, Respondent.

No. WD 68821.

Missouri Court of Appeals, Western District.

Sept. 2, 2008.

Gerald D. Mueller, Columbia, MO, for Appellant.

Rex V. Gump, Moberly, MO, for Respondent.

Before PAUL M. SPINDEN, P.J., JAMES E. WELSH and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant Larry Wages filed suit against Respondent Matt Young, alleging that Young breached their agreement for repair of Wages' automobile. The circuit court dismissed Wages' Petition on the basis that it was time barred. We affirm.

## I. Facts

Wages initially filed suit against Young on June 8, 2006, in the Circuit Court of Chariton County (the "2006 action"). Wages' First Amended Petition in the 2006 action alleged that in October 1998, Wages delivered a 1995 Buick Riviera to Young and paid Young $1,800.00 in exchange for Young's agreement to attach a front-end assembly to the automobile. When Young failed to complete the repairs within the time frame the parties initially contemplated (approximately three months), Young asked Wages for more time to work on the vehicle. Wages agreed. Thereafter, Wages alleged that he periodically inquired of Young as to when work on the

automobile would be completed, and that Young repeatedly responded that he was still working on the vehicle, and hoped to complete the repairs soon. Similar conversations were had over the years until September 2003, when Young told Wages that he was not going to repair the car and that he would not return Wages' money.

Young moved to dismiss Wages' First Amended Petition in the 2006 action on the grounds that Wages' claims were barred by the statute of limitations. The circuit court granted the motion and dismissed Wages' claims without prejudice.

On March 12, 2007, Wages filed the instant action, again alleging damages caused by Young's failure to repair his automobile. Unlike the 2006 action (which alleged Young's breach of the October 1998 agreement), however, in this lawsuit Wages alleged the following distinct theories of recovery: Fraudulent Misrepresentation in the Repair of an Automobile (Count I); Violation of Missouri Merchandising Practices Act (Count II); Renewal and Breach of Contract (Count III); Reaffirmation and Breach of Contract (Count IV); and Unjust Enrichment (Count V). Young again moved to dismiss on the grounds, *inter alia*, that Wages' claims were barred by the statute of limitations. On August 1, 2007, the circuit court granted the motion.

In his first Point Relied On, Wages argues that the circuit court erred in dismissing Count I of his Petition because it alleged fraud "which was discovered by appellant in September of 2003, and as such, [Wages'] claim was not time barred." In Point II, Wages claims that the circuit court erred in concluding that his claims for breach of a reaffirmed or renewed contract (Counts III and IV) were time barred because the court mistakenly found "that there was no consideration for a renewal or reaffirmation of the repair contract."

## II. Standard of Review

▮▮▮ Where claims are dismissed on the grounds that they are barred by the statute of limitations, this Court reviews the matter as an issue of law. *Bettis v. Potosi R–III Sch. Dist.*, 51 S.W.3d 183, 185 (Mo.App. W.D.2001). The pleadings are "construed liberally, treating all facts alleged as true and construing allegations favorably to the plaintiff." *Dupree v. Zenith Goldline Pharms., Inc.*, 63 S.W.3d 220, 221 (Mo. banc 2002). A petition may not be dismissed for violating the statute of limitations "unless it is clearly established on the petition's face and without exception that the cause of action is time barred." *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo.App. E.D.2000).

## III. Analysis

▮▮▮ At the outset, we emphasize that Wages does not appeal the circuit court's dismissal of the claims for breach of the October 1998 contract which he asserted in the 2006 action. Instead, Wages argues that the contract claims he asserts in *this* lawsuit are not barred because he now alleges that the October 1998 contract was "renewed" or "reaffirmed" by the parties, and that his claims for breach of this "renewed" or "reaffirmed" contract are timely. We accordingly do not address when claims for breach of the October 1998 contract itself may have accrued, or whether the limitations period for a claim for breach of the October 1998 contract may have been tolled under the circumstances here.

In dismissing Wages' fraud claim, the circuit court first noted that Wages previously had brought "a very similar cause of action" alleging breach of contract, and that the court had held that those earlier "cause(s) of action were barred by the statutes of limitation and dismissed said Petition without prejudice." The circuit

court found that the present lawsuit "is an attempt to recast a contract action as one in fraud so as to save it from the operation of the statute of limitations" and that "[t]his Court finds that the allegations of 'fraud' are in fact factual descriptions of the terms of an alleged contract."[1] The circuit court concluded that "[t]his is not a fraud action but one in contract," and therefore dismissed Wages' purported fraud claim.

▮▮▮ In deciding whether an action is barred by limitations, "Missouri courts look to the gist or gravamen of an action." *Breeden v. Hueser*, No. WD 68069, 2008 WL 2572854, at *3 (Mo.App. W.D. June 30, 2008); *see also Barnhoff v. Aldridge*, 327 Mo. 767, 38 S.W.2d 1029, 1030 (1931). "[T]he 'gravamen' of the complaint or a fair reading of the complaint in its totality, should determine [what type of cause of action is alleged] and then the applicable statute of limitations should be applied." *Wenthe v. Willis Corroon Corp.*, 932 S.W.2d 791, 796 (Mo.App. E.D.1996) (citations and quotations omitted). "The [statute of] limitation is not determined by the form of the action, but by its object." *Barnhoff*, 38 S.W.2d at 1031. Where a tort claim "is a mere label used to avoid the statute of limitation [of the principal claim] ... the action should be judged by the shorter ... statute of limitations and [should be] barred." *Wenthe*, 932 S.W.2d at 796.

▮▮▮ The circuit court did not err in finding that the gravamen of Wages' claim was a breach of contract, not fraud, and that Count I of his Petition was barred by the statute of limitations governing contract claims. "[T]he mere failure to perform a contract cannot serve as the basis

of tort liability...." *State ex rel. William Ranni Assoc., Inc. v. Hartenbach*, 742 S.W.2d 134, 140 (Mo. banc 1987). "The mere breach of a promise or failure to perform does not constitute a misrepresentation of fact, or create an action for fraud." *Titan Constr. Co. v. Mark Twain Kansas City Bank*, 887 S.W.2d 454, 459 (Mo.App. W.D.1994) (citations omitted). "To ascertain whether an action is premised on contractual or tort liability, it is necessary to determine the source of the duty claimed to have been violated, and when the duty alleged to have been breached stems from a contract, the breach does not amount to a tort." *Id.*

Wages' Petition makes clear that his fraud claim stems from his contractual agreement with Young for the repair of Wages' car. Wages' Petition alleges that "[Young] made the following representations to [Wages]":

(a) That Defendant would permanently attach the aforementioned 1995 Buick Riviera front end assembly to the aforementioned 1995 Buick Riviera; (b) that Defendant would fully repair and restore the vehicle to a drivable and marketable condition; (c) that this repair and restoration work would take approximately three months to accomplish; (d) that Defendant was competent to complete such repair and restoration; and (e) that this work would be performed by Defendant for a fee of One Thousand Eight Hundred Dollars ($1,800.00).

These "representations" constitute the terms of the contract Wages and Young entered in October 1998 (as evidenced by Wages' First Amended Petition in the 2006 action, which relied on these same under-

---

1. Section 516.120, RSMo (2000) sets forth a five-year statute of limitations for both "actions upon contracts" and "fraud." However, § 516.120.5 states that a fraud action will not "accrue[ ] until the discovery by the ag-

grieved party, at any time within ten years, of the facts constituting fraud." In his Petition, Wages alleges that he did not discover the fraud until 2003, and thus argues that his fraud claim has been timely filed.

takings to assert a breach of contract claim). We accordingly conclude, like the trial court, that Wages' action is based on an alleged breach of contract, rather than fraud. *See Anglin Eng'g Co. v. J.E. Barry Co.,* 912 S.W.2d 633, 639 (Mo.App. E.D.1995)(holding that defendant's "failure to perform under the contract by refusing to pay [plaintiff] ... after it assured [plaintiff] it would pay, constituted merely breach of contract and did not rise to the level of fraud"); *Deschler v. Brown & Williamson Tobacco Co.,* 797 F.2d 695, 697 (8th Cir.1986)(holding that because plaintiff's "claim of fraudulent misrepresentation alleges no breach of an independent duty, it amounts merely to a restatement of his contract claim, and therefore is without merit").

The "object" of Wages' fraud claim was to recover damages allegedly caused by Young's failure to perform under the October 1998 contract for the repair of Wages' automobile. His fraud claim "is essentially a restatement of [his] breach of contract claim." *Titan,* 887 S.W.2d at 458. As such, Wages allegation of fraud was merely an attempt to "subvert the statute of limitations" on his contract claim. *Wenthe,* 932 S.W.2d at 796.[2]

Our conclusion is based not only on the content of the instant Petition itself, but also on the litigation that preceded it. Specifically, Wages initially brought this action not as a fraud claim, but as a breach of contract and negligence action. Wages made no allegation of fraud until *after* the circuit court granted Young's motion to dismiss the 2006 action, on the basis that the initial claims were precluded by the statute of limitations (a ruling Wages does not challenge). In a transparent effort to avoid the staleness of his contract claim, on March 12, 2007, Wages filed the instant Petition alleging the new-found theory that Young had defrauded him. Under the caselaw described above, however, Wages cannot simply recast what is at bottom a contract claim as a fraud claim, and thereby evade the time bar of § 516.120, RSMo. The circuit court's dismissal of Wages' Count I is affirmed.

In Point II, Wages claims that the circuit court erred in concluding that his contractual claims (Counts III and IV) were time barred because the court mistakenly found "that there was no consideration for a renewal or reaffirmation of the repair contract." In Counts III and IV, Wages alleged that from 1998 to 2003 Young "renewed" and/or "reaffirmed" the October 1998 contract to repair his automobile by making new promises to repair the car, and thereby fulfill his duties under the initial contract.[3]

However, even when taking as true Wages' allegations that Young made additional promises to perform his contractual obligations, this cannot establish the existence of a new, different contract or contracts subject to a different limitations period. "Modification of a contract is enforceable only if based upon mutual assent and supported by consideration." *Eiman Bros. Roofing Sys., Inc. v. CNS Int'l Ministries, Inc.,* 158 S.W.3d 920, 922 (Mo.App. W.D.2005). " '[L]egal consideration contemplates two parties and ordinarily some consideration must flow from both parties.' " *Sumners v. Serv. Vending Co.,* 102

---

**2.** Of course, despite the rule of law stated in the text, a plaintiff who enters a contract with a defendant may have a cause of action for fraudulent misrepresentations which induced the plaintiff to enter the contract. Here, however, Wages alleges "fraudulent misrepresentation based on breach of contract," not fraudulent inducement. *Titan,* 887 S.W.2d at 459.

**3.** As mentioned previously, it is not disputed that claims based on the October 1998 contract itself are now time-barred.

S.W.3d 37, 41 (Mo.App. S.D.2003)(quoting *Greenberg v. Morris,* 436 S.W.2d 734, 738 (Mo.1968)).

In his brief, Wages seeks reversal based on the contention that *he* supplied additional consideration sufficient to create a new contract or contracts when he granted Young "great forbearance in demanding compensation for his damages for loss of use and/or marketability of the vehicle over the time period [Young] kept the vehicle on his lot." While Wages may have supplied additional consideration to Young by granting Young repeated extensions of time to fulfill his obligations under the October 1998 contract, Wages has not alleged any facts that would support the conclusion that *Young* supplied additional consideration *to Wages* after the initial contract was entered in October 1998. Wages has failed to allege that Young ever agreed to do anything beyond what he initially promised to do: repair Wages' automobile. Because Young was already subject to this obligation in October 1998, however, his repeated promises to repair the automobile cannot constitute additional consideration to support a new contract thereafter. "A promise to carry out an already existing contractual duty does not constitute consideration." *Eiman Bros.,* 158 S.W.3d at 922. " 'A promise to do that which one party is already legally obligated to do cannot serve as consideration for a contract.'" *Zipper v. Health Midwest,* 978 S.W.2d 398, 416 (Mo.App. W.D.1998) (quoting *Wilson v. Midstate Indus., Inc.,* 777 S.W.2d 310, 314 (Mo.App. W.D.1989)).[4] Accordingly, the circuit court did not err in concluding that Wages' contract claims (Counts III and IV) were time barred.

## IV. Conclusion.

The circuit court's judgment is affirmed.

All concur.

---

4. Wages cites *Thompson v. Volini,* 849 S.W.2d 48, 51 (Mo.App. W.D.1993), and *Fox v. Burton,* 402 S.W.2d 329, 334 (Mo.1966), to support his contention that forbearance to prosecute a disputed claim may constitute consideration. But in each case the other contracting party gave consideration in exchange for the forbearance: in *Thompson,* an agreement to extend the limitations period, and in *Fox,* an agreement to divide a broker's commission arising from the sale of a business. Because both cases involved the *mutual exchange* of consideration, they have no relevance here; indeed, we affirm on the assumption that *Wages* gave consideration by forbearing from filing suit.