RILEY, Chief Judge,
concurring in part and dissenting in part.
I concur with the majority that Mo. Sup.Ct. Rule 4-1.5(e) bars all of CMDA’s claims arising from the fee sharing agreement. Because I am convinced the Supreme Court of Missouri would allow CMDA’s properly pled and preserved claim that it was fraudulently induced to enter into the agreement, I respectfully dissent.
Missouri courts recognize a distinction between fraudulent inducement to enter into a contract, and fraudulent misrepresentation based upon breach of a contract. See, e.g., Titan Constr. Co. v. Mark Twain K.C. Bank., 887 S.W.2d 454, 459 (Mo.Ct.App.1994). Fraud arising from the breach of a contract does not amount to an independent tort, but fraud inducing entry into a contract does. See id.; see also Wages v. Young, 261 S.W.3d 711, 716 n. 2 (Mo.Ct.App.2008) (“Of course, ... a plaintiff who enters a contract with a defendant may have a cause of action for fraudulent misrepresentations which induced the plaintiff to enter the contract. Here, however, [plaintiff] alleges ‘fraudulent misrepresentation based on breach of contract,’ not fraudulent inducement.”). “A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation; the fraud relates not to the nature or purport of the contract but to the facts inducing its execution.” 37 Am.Jur.2d Fraud and Deceit § 2.
The majority affirms the dismissal of CMDA’s fraudulent inducement claim based upon cases which either did not involve a fraud claim at all, see, e.g., Law Offices of Gary Green, P.C. v. Morrissey, 210 S.W.3d 421, 423 n. 1 (Mo.Ct.App.2006), Londoff v. Vuylsteke, 996 S.W.2d 553, 555 (Mo.Ct.App.1999), or where the fraud claim at issue arose from an illegal agreement, see Deja vu of Mo., Inc. v. Talayna’s Laclede’s Landing, Inc., 34 S.W.3d 245, 248, 250 (Mo.Ct.App.2000), not where the agreement was induced by fraud. CMDA’s fraudulent inducement claim did not arise because of the illegal contract, *438 the illegal contract arose because of the inducing fraud. Because CMDA’s fraudulent inducement claim is independent of the agreement, the district court erred in dismissing the fraudulent inducement claim as arising from the illegal contract.
The majority also cites Lebcowitz v. Simms, 300 S.W.2d 827, 830 (Mo.Ct.App.1957), another contract case, for the proposition “Where parties enter into an agreement in violation of the law, they will as a general rule be left in the position in which they put themselves.” Lebcowitz is an application of the ancient maxim in pari delicto, potior est conditio defendentis et possidentis, or “In equal fault, better is the condition of defendants and possessors.” Missouri has long recognized exceptions to this doctrine, see, e.g., Hobbs v. Boatright, 195 Mo. 693, 93 S.W. 934, 937 (1906) (recognizing an exception where “both have not with the same knowledge, willingness, and wrongful intent engaged in the transaction, or the undertaking of each are not equally blameworthy”), where the parties are not in pari delicto, see also Restatement (Second) of Contracts § 198 (1981) (“A party has a claim in restitution for performance that he has rendered under or in return for a promise that is unenforceable on grounds of public policy if ... he was not equally in the wrong with the promisor.”).
CMDA is not in equal fault with Eng & Woods. CMDA was negligent in failing to determine under what circumstances Missouri’s ethics rules permitted fee sharing agreements between attorneys. But the victim of fraud is often negligent, to a greater or lesser extent, in failing to investigate the fraudster. See Shechter v. Brewer, 344 S.W.2d 784, 788 (Mo.Ct.App.1961) (“Since the very purpose of fraud is to cheat its victim by making him neglect the care essential to prevent injury, to deny relief because the victim was negligent would encourage the evil.”). Taking the facts in the light most favorable to CMDA, it is reasonable to infer Eng & Woods was familiar with Rule 4-1.5(e) before it received Acho’s query; it entered into the fee sharing agreement knowing its promises thereunder likely were unenforceable; and throughout the course of the litigation, Eng & Woods lied to CMDA in an effort to minimize CMDA’s involvement in the case, ultimately rendering the agreement illegal. In my view, Eng & Woods’s intentional misconduct cannot be held in pari delicto with CMDA’s negligence. For this additional reason, even if Missouri did not recognize an independent claim for fraudulent inducement, which it does, I would allow CMDA to proceed to trial on its fraudulent inducement claim.