**G. Spencer MILLER, Appellant,**

v.

**Greg DOMBEK, Respondent.**

**No. WD 74604.**

Missouri Court of Appeals,
Western District.

Nov. 20, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 18, 2012.

G. Spencer Miller, Barnard, MO, Appellant, pro se.

Gregory Dombek, Platte City, MO, Respondent, pro se.

Before Division Two: LISA WHITE HARDWICK, Presiding Judge, and JAMES M. SMART, JR., and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

G. Spencer Miller appeals the trial court's judgment in favor of Greg Dombek on Miller's breach of contract action, wherein Miller alleged that he was a third-party beneficiary to a contract executed between Dombek and Dombek's ex-wife regarding visitation of their minor child. Because we find that there was no valid contract from which Miller could benefit, we affirm the trial court's judgment.

## Factual Background

Dombek and Jaime Collins were married on August 25, 2007. During their marriage, they had one child, born on March 28, 2009. On August 24, 2009, the marriage was dissolved. The dissolution judgment included a parenting plan whereby Collins was awarded sole legal and physical custody of their child, and Dombek was awarded certain visitation rights. Following the dissolution, Dombek married H.D.[1]

On November 14, 2010, Dombek subjected H.D. to an act of domestic violence, resulting in H.D. seeking and obtaining an Order of Protection. The Platte County Prosecuting Attorney subsequently filed a charge of third-degree domestic assault against Dombek.

Upon learning of the incident, Collins sent Dombek a letter indicating her intent to withhold Dombek's visitation rights with their minor child. On December 7, 2010, Collins filed a motion to modify custody.[2] And consistent with her letter, Collins denied Dombek any visitation with their child until December 25, 2010.

---

1. Pursuant to section 566.226.1, Dombek's second wife will be referred to by only her initials.

2. The parties ultimately reached a settlement agreement regarding the motion to modify, and a judgment was entered accordingly on May 16, 2011.

Under the parenting plan established at the time of dissolution, and still in effect on December 25, 2010, Dombek was to have visitation privileges with their child from 9:00 a.m. on December 25, 2010, through 8:00 p.m. on January 1, 2011. When Dombek arrived to pick up their child at 9:00 a.m. on December 25, 2010, he was given a copy of, and instructed to sign, the following agreement:

It is hereby agreed by and between Jaime Collins and Greg Dombek in regard to visitation related to their son [J.D.] as follows:

1. Currently, there exists a dispute about the continuation of visitation by Greg with [J.D.] because of certain events that resulted in criminal charges being filed against Greg Dombek in the Associate Circuit Court of Platte County, Missouri.

2. Both Jaime and Greg are hopeful that unsupervised visitation can resume in the near future in accordance with the Parenting Plan.

3. In the interim, it is agreed by and between Jaime Collins and Greg Dombek that Greg will have supervised visitation with [J.D.] on Christmas Day, December 25, 2010. The visitation will be supervised by the Holman's [sic], [H.D.]'s parents in Maryville, Missouri. Jaime will drop [J.D.] off at the Holman's [sic] residence at 9:00 a.m. and will pick him up at 7:00 p.m. at the Holman's [sic].

4. Greg agrees that in consideration of Jaime allowing supervised visitation with [J.D.] in lieu of allowing no visitation at all, Greg will not attempt to keep [J.D.] beyond the 7:00 p.m. dead line [sic] even though in the normal sequence of events, Greg would have had unsupervised visitation in accordance with the Parenting Plan for a longer period of time.

5. In the event that Greg violates the terms of this agreement, then he agrees as follows:

   (a) He will pay to G. Spencer Miller a fee of $2,500.00 or his actual fee calculated by taking the total hours spent times the hourly rate of $150.00/hour whichever is greater. Such a fee would relate to time spent working on this visitation matter since the incident that resulted in the filing of criminal charges, including the preparation of this document.

   (b) He agrees that any law enforcement official may require the return of [J.D.] to Jaime Collins despite any provisions in the Parenting Plan to the contrary.

The agreement was signed by Collins. Dombek signed the agreement with the understanding that he either had to sign it or he could not see his son. Dombek then took the child to visit his parents in St. Louis and did not return him to Collins until January 1, 2011, the end of his regularly scheduled visitation period under the parenting plan.

Miller then filed a claim in small claims court for his $2,500.00 attorney's fee, plus interest and costs, based on Dombek's breach in failing to abide by the terms of his visitation outlined in the agreement. Miller alleged that he was entitled to relief as a third-party beneficiary of the Collins/Dombek agreement.

The small claims court ruled in favor of Miller, and Dombek filed an application for trial de novo in the circuit court. At the trial de novo, both Dombek and Collins testified to the terms and circumstances surrounding the agreement, and the court

took judicial notice of the underlying dissolution action and received as exhibits the Petition for Order of Protection, the Ex Parte Order, and the Platte County criminal information. The court then entered judgment in favor of Dombek, finding that the Collins/Dombek agreement was not a valid contract because it lacked consideration, and even if it were a valid contract, its terms were unenforceable in light of the existing parenting plan. Miller appeals.

### Standard of Review

■ "In this court-tried case for breach of contract, the judgment of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Asamoah–Boadu v. State*, 328 S.W.3d 790, 793 (Mo.App. W.D.2010). We view all evidence and reasonable inferences therefrom "in the light most favorable to the judgment" and disregard all evidence and inferences to the contrary. *Id.* "The appellate court defers to the trial court's credibility determinations but reviews issues of law *de novo.*" *Id.*

### Analysis

Miller raises three points on appeal. First, he claims that the trial court erred in determining that the agreement was not a valid contract due to a lack of consideration. Second, he claims that the trial court erred in determining that even if it were a valid contract, it was unenforceable. And finally, he argues that the trial court erred in entering judgment for Dombek because Miller was a third-party beneficiary to the allegedly valid, enforceable contract. Finding his first point dispositive, we do not address his remaining points.

■ "A valid contract contains the essential elements of 'offer, acceptance, and bargained for consideration.'" *Holmes v. Kansas City Mo. Bd. of Police Comm'rs ex rel. Its Members*, 364 S.W.3d 615, 622 (Mo. App. W.D.2012) (quoting *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988)). "'Consideration' ... generally consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 25 (Mo.App. W.D.2008). "The forbearance to enforce a legal right such as filing a lawsuit can constitute bargained for consideration." *Drury v. Mo. Youth Soccer Ass'n, Inc.*, 259 S.W.3d 558, 575 (Mo.App. E.D. 2008).

■ Miller claims that the consideration in the agreement consisted of Collins's forbearance of her "right" to withhold visitation and Dombek's agreement to forbear his right to unsupervised visitation for the full time period allotted in the parenting plan. The basis for Miller's claim that Collins had a legal right to withhold visitation is the following language in section 452.400.3: "If custody, visitation or third-party custody is denied or interfered with by a parent or third party *without good cause*, the aggrieved person may file a family access motion with the court...." (Emphasis added.) Miller contends that Collins had "good cause" to withhold visitation based upon the pending criminal charge against Dombek. He then reasons that because the agreement provided that Collins would forbear her "right" to withhold visitation, the agreement contained sufficient consideration. We disagree.

Even if the facts and circumstances surrounding Dombek's criminal charge amounted to "good cause" under section 452.400.3, an issue we need not decide, that is a determination to be made by a court of law and not an issue to be decided unilaterally by a party to the custody

agreement. *See* § 452.400.6 (referring to a finding "by the court" that its order for visitation has not been complied with "without good cause"). Thus, in the absence of a court order, Collins had no "right" to withhold visitation from Dombek, and, therefore, nothing to forbear. The only valid order in existence at the time of the agreement provided that Dombek had the right to unsupervised visitation with their son from 9:00 a.m. on December 25, 2010, until 8:00 p.m. on January 1, 2011. Both Collins and Dombek testified that this is exactly the period of time that Dombek had J.D.

■ "'A promise to do that which one party is already legally obligated to do cannot serve as consideration for a contract.'" *Wages v. Young*, 261 S.W.3d 711, 717 (Mo.App. W.D.2008) (quoting *Zipper v. Health Midwest*, 978 S.W.2d 398, 416 (Mo. App. W.D.1998)). Because Collins was legally obligated to provide Dombek visitation on December 25, 2010, her agreement to allow that visitation with restrictions not authorized by any court cannot serve as consideration. Thus, the Collins/Dombek agreement was not a valid contract, and whether Miller was a third-party beneficiary is irrelevant.

### Conclusion

The trial court's judgment is affirmed.

LISA WHITE HARDWICK, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.