IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 CHARITON GROVE CEMETERY )
 ASSOCIATION, )
 Appellant, )
 )
 v. ) WD84657
 )
 GREGORY LOVE, et al., ) FILED: February 1, 2022
 Respondents. )
 Appeal from the Circuit Court of Macon County
 The Honorable Mike Greenwell, Judge
 Before Division Two: Alok Ahuja, P.J., and
 Edward R. Ardini, Jr. and Janet L. Sutton, JJ.
 Donna Lynn Siebold died in 2020, and a will she had executed in February

2019 was presented to the Circuit Court of Macon County for probate. Although it

was entitled to one-half of Siebold’s estate under the 2019 will, Chariton Grove

Cemetery Association was the sole beneficiary under an earlier will. The Cemetery
Association filed a petition in the circuit court to contest the 2019 will. The

Cemetery Association’s petition also sought to discover assets allegedly belonging to

Siebold’s estate, which were held by third parties. The circuit court dismissed the

Cemetery Association’s petition on its own motion, finding that the Cemetery

Association had failed to comply with the six-month limitations period for will

contests established by § 473.083.1

 1 Statutory citations refer to the 2016 edition of the Revised Statutes of
Missouri, as updated by the 2021 Cumulative Supplement.
 The Cemetery Association appeals. We conclude that the Cemetery

Association lacks standing to contest the 2019 will. We also conclude, however, that

the Cemetery Association’s discovery of assets claim was timely filed, and should

not have been dismissed. We accordingly affirm in part and reverse in part, and

remand for further proceedings with respect to the discovery of assets claim.

 Factual Background
 Because we review the circuit court’s grant of a motion to dismiss, we recite

the facts as alleged in the Cemetery Association’s petition. Graves v. Mo. Dep’t of

Corr., 630 S.W.3d 769, 772 (Mo. 2021).

 Donna Lynn Siebold executed a last will and testament on May 10, 2016. In

her 2016 will, Siebold left all of her assets to her husband, Duane Siebold. The will

specified that, if Duane Siebold did not survive her, the entirety of Siebold’s estate

would pass to the Chariton Grove Cemetery Association, which operates a cemetery

where members of Siebold’s family are interred.

 Duane Siebold died in January 2019. Thus, under the 2016 will, the

Cemetery Association stood to receive the entirety of Siebold’s estate on her death.

 On February 5, 2019, Siebold executed a second will. The 2019 will devised a

one-half interest in Siebold’s estate to Marisa Bechtle, Siebold’s granddaughter, and

to Daniel W. Bechtle, the husband of Siebold’s deceased daughter. Under the 2019

will, Siebold devised the other half of her estate to the Cemetery Association. Also

on February 5, 2019, Siebold executed two additional documents: a power of

attorney appointing Cheryl Lock as her attorney in fact; and a beneficiary deed for

real estate she owned, which gave a one-half beneficiary interest to the Bechtles,

and the other one-half interest to the Cemetery Association.

 The Cemetery Association alleged that, after being appointed as Siebold’s

attorney in fact, Lock opened a bank account in Siebold’s name, which designated
Daniel Bechtle as the sole account beneficiary on Siebold’s death. The Cemetery

 2
Association alleges that in May and June 2019 Lock sold real estate owned by

Siebold, and deposited the proceeds, totaling over $260,000, into the bank account.

 Siebold died on May 28, 2020.

 Gregory Love was designated as Siebold’s personal representative in the 2019

will. On September 21, 2020, Love filed applications in the Circuit Court of Macon

County to probate Siebold’s 2019 will and to publish letters testamentary. A Notice

of Letters Testamentary was first published on November 4, 2020.

 The Cemetery Association filed a Petition to Contest Will and Establish

Constructive Trust on May 4, 2021. In Count I, the Cemetery Association alleged

that the 2019 will was invalid because Siebold lacked the mental capacity to make a

will on February 5, 2019, and because the will was procured by undue influence.

The Cemetery Association’s Petition requested that Siebold’s 2016 will (under which

it was the sole remaining beneficiary) be admitted to probate instead of the 2019

will. The Cemetery Association attached a purported copy of Siebold’s 2016 will as

an exhibit to its Petition. The Cemetery Association concedes, however, that it did

not “present” the 2016 will to the circuit court in the manner required by

§ 473.050.2.

 Count II of the Cemetery Association’s Petition alleged that Siebold was not
competent to execute the 2019 Power of Attorney appointing Lock as her attorney in

fact, or the beneficiary deed to real property which was executed at the same time.

Count II also alleged that those documents had been procured by undue influence.

Count II alleged that Lock, Love, the Bechtles, and the bank where Lock opened the

account (collectively “the defendants”) had possession of money and real estate

belonging to Siebold’s estate. Count II alleged that the defendants “are adversely

withholding the bank accounts, and possibly real estate, and claiming them as the

property of Daniel Bechtle and possibly Marissa Bechtle and not the property of
Donna Lynn Siebold’s estate.” The Petition alleged that the defendants’ possession

 3
of those assets was “unfair and wrong,” and would unjustly enrich the Bechtles.

Count II prayed

 that the Court discover the full nature of property belong[ing] to
 Donna Lynn Siebold, establish and impose a constructive trust in [the
 estate] as to such property . . . for the benefit of the devisee named in
 Donna Lynn Siebold’s 2016 [will], and direct the delivery and transfer
 of said property to the personal representative of the estate of Donna
 Lynn Siebold, to be distributed pursuant to the dictates of the May 10,
 2016 Will, and render judgment in favor of the personal representative
 for all losses and expenses and damages, including interest as provided
 by law and for such other and further relief as this Court deems just
 and proper.
 On June 4, 2021, the circuit court entered an order on its own motion,

dismissing the entirety of the Cemetery Association’s Petition, on the basis that it

was not “timely filed within 6 months of the date of first publication as required by

473.083 RSMo.” In finding the Petition untimely, the circuit court counted the date

of first publication of the Notice of Letters Testamentary as the first day of the

limitations period.

 The Cemetery Association filed a motion to vacate the order of dismissal

three days later. In its motion to vacate, the Cemetery Association argued that it

had timely filed its will contest, because under § 1.040 and Supreme Court Rule

44.01, the six-month limitations period specified in § 473.083 began to run on the

day after the publication of notice. The motion to vacate also alleged that, whether

or not the Cemetery Association’s will contest was timely, “Count two of the petition

is an action to establish a constructive trust, which is independent from and

unaffected by the six month time limit in § 473.083 RSMo.”

 Following a hearing, the circuit court overruled the motion to vacate on July

6, 2021, and the Cemetery Association filed this appeal.

 Standard of Review
 “This Court reviews a circuit court’s sustaining of a motion to dismiss
 de novo.” In reviewing such a motion, the “Court must accept all

 4
 properly pleaded facts as true, giv[e] the pleadings their broadest
 intendment, and construe all allegations” in the pleader’s favor.
Graves v. Mo. Dep’t of Corr., 630 S.W.3d 769, 772 (Mo. 2021) (quoting Mo. State

Conf. of NAACP v. State, 601 S.W.3d 241, 246 (Mo. 2020) (other citation omitted)).

“The dismissal of a claim as barred by the statute of limitations raises a question of

law that this court reviews on a de novo basis.” Wiedner v. Ferrellgas, Inc., 607

S.W.3d 231, 241 (Mo. App. W.D. 2020) (citation omitted). In addition, “[s]tanding is

a question of law, which is reviewed de novo.” Cope v. Parson, 570 S.W.3d 579, 583

(Mo. 2019) (quoting Manzara v. State, 343 S.W.3d 656, 659 (Mo. 2011)).

 Discussion
 I.
 In its first Point, the Cemetery Association argues that the circuit court erred

in dismissing as untimely the will-contest claim asserted in Count I of the Cemetery

Association’s Petition.

 Before addressing the merits of the Cemetery Association’s first Point, we

must first determine whether the issue is justiciable.

 Justiciability is a “prudential” rather than a jurisdictional doctrine. “A
 justiciable controversy exists where [1] the plaintiff has a legally
 protectable interest at stake, [2] a substantial controversy exists
 between parties with genuinely adverse interests, and [3] that
 controversy is ripe for judicial determination.”
 The first two elements of justiciability are encompassed jointly
 by the concept of “standing.” “Prudential principles of justiciability, to
 which this Court has long adhered, require that a party have standing
 to bring an action. Standing requires that a party have a personal
 stake arising from a threatened or actual injury.”
 [A] primary objective of the standing doctrine is to assure that
 there is a sufficient controversy between the parties that the
 case will be adequately presented to the court. That, plus the
 purpose of preventing parties from creating controversies in
 matters in which they are not involved and which do not directly
 affect them are the principal reasons for the rule which requires
 standing. Standing is a necessary component of a justiciable

 5
 case that must be shown to be present prior to adjudication on
 the merits.
Schweich v. Nixon, 408 S.W.3d 769, 773-74 (Mo. 2013) (citations and footnote

omitted).

 Section 473.083.1 provides that “any person interested in the probate of a

will” may file a petition contesting the validity of the will. The statute specifies that

 [a]n heir, devisee, trustee or trust beneficiary under another purported
 will of the same decedent, and a person who has acquired, before or
 after the death of the testator, all or part of the interest of such heir or
 devisee by purchase, gift, devise, intestate succession, mortgage or
 lien, is interested in the probate of a will for purposes of this section.
 “In a will contest, standing has been described as belonging to one who would

‘either gain or lose under the contested will.’” Salvation Army, Ks. v. Bank of Am.,

435 S.W.3d 661, 666 (Mo. App. W.D. 2014) (quoting Lopiccolo v. Semar, 890 S.W.2d

754, 758 (Mo. App. E.D. 1995)). The Missouri Supreme Court has explained that, in

order to have standing, a will contestant must

 have a “financial interest in the estate, and one which would be
 benefited by setting the will aside.” For example, a widow cannot
 maintain a will contest where she is entitled by the laws of intestacy to
 half of her deceased husband’s estate and his will gives her the same
 thing; since she would not be financially benefitted by setting the will
 aside, she has no financial interest in its probate.
State ex rel. Cooper v. Cloyd, 461 S.W.2d 833, 835 (Mo. 1971); see also Danforth v.
Danforth, 663 S.W.2d 288, 294 (Mo. App. W.D. 1983) (in assessing will contestant’s

standing, “the proper focus lies in the contestant’s standing to benefit from setting

the will aside”); Mills v. Kettler, 573 S.W.2d 672, 674 (Mo. App. 1978) (“The interest

referred to in the statute must be a direct financial interest such that a person

(contestant) would benefit by setting aside a will, or would lose by its

establishment.” (citations omitted)).

 The Cemetery Association’s will contest seeks to invalidate Siebold’s 2019
will. When it filed its petition, the Cemetery Association sought to have the court

 6
admit Siebold’s 2016 will to probate in place of the contested 2019 will. Under the

2016 will, the Cemetery Association stood to receive the entirety of Siebold’s estate,

rather than just half of Siebold’s estate under the 2019 will.

 Because it would have received substantially more of Siebold’s estate under

the 2016 will as compared to the 2019 will, the Cemetery Association plainly would

have been benefited by setting the 2019 will aside, if the 2016 will would then take

its place. The Cemetery Association now admits, however, that it did not timely

present the 2016 will to the circuit court, in the manner required by § 473.050.

Because of the lack of timely presentation, the 2016 will is now unenforceable:

“Missouri’s will presentment statute, section 473.050.5, provides that if a will is ‘not

presented for probate during the time limitations provided in subsection 3, [it] is

forever barred from admission to probate in [Missouri].’” Salvation Army, 435

S.W.3d at 665 (footnote omitted).

 The Cemetery Association does not have standing to contest the 2019 will,

because it would derive no benefit from the invalidation of that will. Because the

2016 will is now “forever barred” from being probated, if Siebold’s 2019 will is

invalidated, she would be deemed to have died intestate. The Cemetery Association

is not one of Siebold’s heirs under Missouri’s intestate succession law, however. See
§ 474.010. Thus, with the 2016 will now “out of the picture” because it was not

timely presented to the circuit court, the Cemetery Association’s only interest in

Siebold’s estate derives from the 2019 will. Without the 2019 will, the Cemetery

Association would have no interest whatsoever in Siebold’s estate.

 In these circumstances, contesting the 2019 will would achieve no benefit for

the Cemetery Association; indeed, a successful will contest would deny the

Cemetery Association any interest in Siebold’s estate. The Cemetery Association is

not “[a]n heir, devisee, trustee or trust beneficiary under another purported will of
the same decedent” within the meaning of § 473.083.1, and is therefore not an

 7
“interested” person with standing to contest the 2019 will. In similar

circumstances, we held in Hawkins v. Lemasters, 200 S.W.3d 57 (Mo. App. W.D.

2006), that an individual had no standing to contest the validity of a later will,

where the earlier will under which the contestant claimed an interest had not been

timely presented to the circuit court, and the contestant was not an heir of the

decedent under the intestate succession law. We explained that, “due to the lack of

proper presentment of the unsigned 1996 will . . ., Hawkins cannot be in a position

to lose or gain by contesting the 2000 will . . . because she is neither a beneficiary

under a presented will, nor an heir at law.” Id. at 61-62; see Salvation Army, 435

S.W.3d at 668 (finding that a charitable organization had no standing to contest a

will, where it had failed to timely present to the circuit court an earlier will under

which it stood to benefit).

 The circuit court did not rely on a lack of standing as a basis to dismiss the

Cemetery Association’s will contest claim. Nevertheless, we are “primarily

concerned with the correctness of the result, not the route taken by the trial court to

reach it; therefore, the trial court’s judgment will be affirmed if it is correct on any

ground supported by the record regardless of whether the trial court relied on that

ground.” St. Luke’s Hosp. v. Benefit Mgmt. Consultants, Inc., 626 S.W.3d 731, 753
(Mo. App. W.D. 2021) (citation omitted). Therefore, we affirm the circuit court’s

dismissal of the Cemetery Association’s will-contest claim, albeit on a different

ground than the one on which the circuit court relied.

 II.
 In its second Point, the Cemetery Association argues that the circuit court

erred in dismissing the constructive trust claim it asserted in Count II of its

petition. The Cemetery Association contends that this claim was not subject to the

six-month statute of limitations found in § 473.083. The Cemetery Association also

 8
argues that its constructive trust claim is independent of the will contest it

presented in Count I.

 In deciding which statute of limitations applies, “Missouri courts look to the

gist or gravamen of an action.” Wages v. Young, 261 S.W.3d 711, 715 (Mo. App.

W.D. 2008) (citation omitted); see also Barnhoff v. Aldridge, 38 S.W.2d 1029, 1031

(Mo. 1931) (“The [applicable statute of] limitation[s] is not determined by the form

of the action, but by its object.”). The “gravamen” of a petition is determined by “a

fair reading of the complaint in its totality.” Wages, 261 S.W.3d at 715.

 Although the Cemetery Association labeled Count II of its Petition as a

“constructive trust” claim, the substance of Count II asserted a discovery of assets

claim. Under § 473.340.1, “[a]ny . . . beneficiary or other person who claims an

interest in property which is claimed to be an asset of an estate or which is claimed

should be an asset of an estate may file a verified petition . . . seeking determination

of the title, or right of possession thereto, or both.” “In a discovery of assets

proceeding, the court’s role is to determine whether specific property has been

adversely withheld or claimed.” Ryan v. Spiegelhalter, 64 S.W.3d 302, 305 (Mo.

2002). “As its name implies, a discovery of assets action is a search for assets

belonging to the decedent at her death.” Estate of Ridgeway, 369 S.W.3d 103, 106
(Mo. App. E.D. 2012) (citation omitted); see generally State ex rel. Wratchford v.

Fincham, 521 S.W.3d 710, 713-16 (Mo. App. W.D. 2017) (distinguishing discovery of

assets proceedings from cases in which a plaintiff directly claims an interest in

property, independent of a decedent’s estate).

 Because it is not the subject of an effective will-contest claim, the 2019 will is

now “binding” under § 473.083.1. Under the 2019 will, the Cemetery Association is

entitled to receive one-half of Siebold’s estate. Therefore, the Cemetery Association

is plainly a “beneficiary . . . who claims an interest in property which is claimed to

 9
be an asset of an estate,” and it is accordingly entitled to prosecute a discovery of

assets proceeding under § 473.340.1.

 The Cemetery Association’s discovery of assets claim is not subject to the six-

month limitations period found in § 473.083.1, because it does not “contest[ ] the

validity of a probated will, or pray[ ] to have a will probated which has been rejected

by the probate division of the circuit court.”

 The Missouri Supreme Court has held that discovery of assets claims are

“similar to common law actions of trover or conversion.” Spiegelhalter, 64 S.W.3d at

305-06 (citations omitted). This Court has held that a discovery of assets

proceeding seeking to recover personal property is subject to the five-year statute of

limitations in § 516.120(4), which applies to “[a]n action for taking, detaining or

injuring any goods or chattels, including actions for the recovery of specific personal

property, or for any other injury to the person or rights of another, not arising on

contract[.]” Estate of Klaas, 8 S.W.3d 906, 908 (Mo. App. S.D. 2000). In a discovery

of assets proceeding seeking the recovery of real property, the Supreme Court

suggested that multiple limitations statutes might be applicable: the five-year

statute of limitations found in § 516.120(1) (for actions for breach of contract); or

instead the ten-year limitations periods found in § 516.110(1) (for actions upon a
writing), or in § 516.010 (for an action seeking recovery of real property).

Spiegelhalter, 64 S.W.3d at 309.

 It is unnecessary in this case to decide which specific limitations period

applies. It is sufficient to hold that the Cemetery Association’s discovery of assets

claim is plainly not subject to § 473.083’s six-month limitation, and to observe that

the Cemetery Association filed its petition less than three years after Siebold’s

February 2019 execution of the documents which set the challenged transactions in

motion. The circuit court erred in dismissing Chariton’s discovery of assets claim as
untimely under § 473.083.

 10
 Bechtle argues that the claim asserted in Count II of the Cemetery

Association’s Petition is moot, because Count II prayed that the circuit court

distribute any recovered assets under the dispositive provisions of the 2016 will – a

will which the court is now “forever barred” from enforcing. Count II of the

Cemetery Association’s Petition sought two forms of relief: first, recovery of certain

assets by the estate; and second, distribution of the recovered assets from the estate.

While the Cemetery Association’s Petition may have prayed that any recovered

assets be distributed solely to it under the terms of the 2016 will, this proposed

distribution was separate from the Cemetery Association’s claim that certain

property held by the defendants rightfully belonged in Siebold’s estate. Following a

successful showing in a discovery of assets proceeding that an asset was or should

have been included in the estate, the court is to “direct the delivery or transfer of

the title or possession of the property ‘to the person entitled thereto.’” Spiegelhalter,

64 S.W.3d 302 at 306 (quoting § 473.340.3). The discovery of assets claim asserted

in Count II is not dependent on which will governs the distribution of any property

recovered from the defendants; significantly, the Cemetery Association is entitled to

a significant portion of any recovery, under either will. The discovery of assets

claim presents a justiciable controversy regardless of the enforceability of the 2016
will.

 Point II is granted.

 Conclusion
 Because the Cemetery Association failed to timely present the 2016 will to

the circuit court for probate, the 2019 will is now the sole source of the Cemetery

Association’s interest in Donna Lynn Siebold’s estate. Because it suffers no

detriment from probate of the 2019 will, the Cemetery Association lacks standing to

contest it. As a beneficiary of Siebold’s estate under the 2019 will, the Cemetery
Association does have standing to prosecute a discovery of assets claim, however.

 11
That claim is not subject to the six-month limitations period found in § 473.083, on

which the circuit court relied.

 The judgment of the circuit court is accordingly affirmed in part and reversed

in part, and the case is remanded for further proceedings consistent with this

opinion.

 Alok Ahuja, Judge
All concur.

 12